Van Cleve v. Gilstrap.

———————•———————

JOSEPH P. VAN CLEVE, Defendant in Error, *v.* JACOB GILSTRAP, Plaintiff in Error.

**1.** *Practice, civil — Instructions — Exceptions, etc.*—Where appellant saves no exceptions to the action of the lower court in giving instructions, such action will not be reviewed on appeal.

Van Cleve v. Gilstrap.

*Error to Macon Court of Common Pleas.*

*Williams & Eberman* and *A. S. Gilstrap*, for plaintiff in error.

*Webb M. Ruby*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was an action on a promissory note for the sum of $400. The defendant in his answer alleged that the note was given in consideration of the purchase of certain books called "Abstract of Title to Lands in Macon County," and that plaintiff represented the abstract to be complete and accurate, etc., and that, relying upon such representations, defendant was induced to purchase. There was then an averment that the representations were false; that the abstract was imperfect, inaccurate and unreliable. To this answer a replication was filed denying all the material defenses therein set forth. The trial was had before a jury, who rendered a verdict for the plaintiff for $275, upon which judgment was rendered.

Each party introduced evidence tending to prove the issues presented by the pleadings, and the finding of the jury thereon is binding with us. The defendant objected to the action of the court in giving the plaintiff's instructions, but he saved no exceptions, and he therefore presents no case here which is properly reviewable.

We have looked into the instructions, however, and we think they very fairly submitted the case to the jury. The first instruction, which is the principal one on the part of the plaintiff, told the jury that if they believed from the evidence that plaintiff sold to defendant and delivered the books denominated "Abstract of Conveyances" for $400, and defendant executed to plaintiff the note sued on therefor, they should find for the plaintiff the full amount of the note and interest, unless the defendant showed by the evidence that he was deceived by representations made by the plaintiff, concerning the character or value of the books, at the time of the sale, upon which he relied in the purchase, or that

plaintiff fraudulently concealed defects in the books from defendant to his damage.

For the defendant the court instructed the jury that if they believed from the evidence that the books sold to defendant did not contain a true and perfect abstract of land titles of record in the county, then they should find for the defendant the difference in value between the books as they were and what they should have been, and deduct the amount from the note sued on as a failure of consideration. The other instructions were sufficiently favorable to the defendant, and, as a whole, presented the case in an unobjectionable manner.

Judgment affirmed. The other judges concur.